UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEGHENY INTERNATIONAL
SERVICES (ME), LLC,

    Plaintiff,

v.                         Case No. 8:18-cv-1568-T-33SPF

BRIAN FLYNN,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Allegheny International Services (ME), LLC's Motion to Permit Substituted Service (Doc. # 18), filed on August 15, 2018. Defendant Brian Flynn responded on August 29, 2018. (Doc. # 19). For the reasons that follow, the Motion is granted, and Flynn is directed to respond to the Complaint by October 15, 2018.

**I.   Background**

On June 29, 2018, Allegheny filed its Complaint against Flynn, a former employee of Allegheny, asserting claims for breach of contract, conversion, and tortious interference with contract. (Doc. # 1). Allegheny sent electronic copies of the summons and complaint to Flynn's email addresses, as well as hard copies to Flynn's home in Bradenton, Florida,

1

and to the Raddison Blu Hotel in Kuwait City, where Flynn and his wife were temporarily residing. (Doc. # 18 at 2). Additionally, on July 24, 2018, Flynn's counsel was served copies of the summons and complaint after notifying Allegheny that he was retained by Flynn. (Id.). Finally, on July 26, 2018, Allegheny filed proof of service consisting of a process server's affidavit averring that service was effected on Flynn in Kuwait on July 19, 2018. (Doc. # 13). Specifically, the affidavit stated: "I personally visited the Raddison Blu Hotel in Kuwait City, where I verified that Brian Flynn is a guest. The hotel would not allow me to visit Brian Flynn's room so I submitted the documents with the Front Desk Clerk, who informed me that the documents would be given to Brian Flynn." (Id.).

Also on July 26, 2018, Flynn appeared in order to file a motion to quash service of process, arguing personal service was improper under Federal Rule of Civil Procedure 4 because the service documents were merely left with the front desk clerk of his hotel. (Doc. # 14 at 1-2). Allegheny argued in response that service was properly effected because Flynn had notice of the action and was allegedly evading service. (Doc. # 15 at 10). Allegheny also noted that it served Flynn's

counsel and insisted such service should alternatively be accepted as proper. (Id. at 6, 10; Doc. # 15-1).

On August 1, 2018, this Court entered an order granting Flynn's motion to quash service. (Doc. # 16). In granting Flynn's motion to quash, this Court explained "Allegheny neither argue[ed] that it properly perfected service on Flynn under Rule 4(e) or 4(f) nor elaborate[d] on what methods of service are valid for an individual in Kuwait." (Id. at 4). This Court further explained it was "not convinced . . . that Flynn's conduct constitute[d] evasion of service." (Id. at 5). Therefore, this Court directed Allegheny to serve Flynn in accordance with Federal Rule of Civil Procedure 4 by September 27, 2018. (Id. at 6).

Following this Court's order granting Flynn's motion to quash service, Flynn and his wife "left Kuwait for a number of weeks," which Allegheny states "will readily limit [its] ability to reach him." (Doc. # 18-1 at 3). Therefore, Allegheny continued to request that Flynn's counsel be authorized to accept service on Flynn's behalf. (Doc. ## 18-1, 18-2, 18-3, 18-4). Despite these requests, Flynn's counsel has not been authorized to accept service of process. (Doc. # 18 at 3). Further, Flynn "wishes to try and resolve the

3

suit prior to agreeing to accept service." (Doc. # 18-3 at 1).

As a result, Allegheny filed the instant Motion to Permit Substituted Service on August 15, 2018. (Doc. # 18). Flynn filed his response in opposition on August 29, 2018. (Doc. # 19). The Motion is ripe for review.

**II. Discussion**

Allegheny argues Flynn "has refused to accept service, refused to authorize his counsel to accept service, left Kuwait, and now holds his acceptance of service hostage as a bargaining chip in his attempts to escape accountability for his misconduct." (Doc. # 18 at 1). Therefore, Allegheny requests "this Court recognize that Flynn has been served by alternate means and order his response to [Allegheny's] Verified Complaint." (Id.).

However, despite this Court's direction that Allegheny serve Flynn in accordance with Federal Rule of Civil Procedure 4, Allegheny did not attempt to effect service of process before filing this Motion. Instead, Allegheny's Motion essentially attempts to cure the defects in its response to Flynn's motion to quash by providing legal arguments to establish that Allegheny's previous attempts to serve process – such as serving Flynn's counsel and sending copies of the

summons and complaint to Flynn's email and home – were sufficient. Indeed, as Flynn points out in his response, Allegheny's Motion "attempts to re-litigate the exact issues previously argued and decided in the August 1 order, essentially asking the Court to ratify what it previously rejected." (Doc. # 19 at 1).

Nonetheless, on September 20, 2018, after filing this Motion, Allegheny filed supplemental exhibits "related to [Allegheny's] continued attempts to personally serve process upon" Flynn. (Doc. # 20 at 1). Importantly, one exhibit is a "Verified Return of Non-Service" prepared by a process server that states the process server attempted to serve Flynn at his home in Bradenton, Florida, on five occasions over a two-day period. (Doc. # 20-1 at 1). Specifically, on one occasion, the process server could "hear [unidentified people] inside talking until [the process server] started knocking on the door then everything went silent." (Id.). The exhibits also establish that a vehicle registered in Flynn's name was parked at Flynn's home and moved on several occasions when the process server attempted to effect service of process. (Doc. ## 20-1, 20-2, 20-3).

This "Court strongly encourage[d] Flynn to accept service of process in good faith" and warned Flynn that it

5

"will not require a plaintiff to expend limitless resources in order to effect service upon a defendant who has actual notice of suit and who intentionally evades service." (Doc. # 16 at 6) (quoting Nappi v. Welcom Products, Inc., No. 8:13-cv-3183-T-33TGW, 2014 WL 1418284, at *2 (M.D. Fla. Apr. 11, 2014)). Here, Flynn unquestionably has notice of the suit — he filed a motion to quash service and a response to Allegheny's motion for substituted service. Additionally, the process server's affidavit states he made five attempts to serve Flynn but was unable to effect service because people inside Flynn's home refused to answer the door. Finally, Flynn's counsel has not been authorized to accept service on Flynn's behalf, as Flynn "wishes to try and resolve the suit prior to agreeing to accept service." (Doc. # 18-3 at 1). Accordingly, this Court finds Flynn is evading service of process.

"Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process." Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999). Therefore, because Flynn has notice of the Complaint and is evading service, Allegheny's service on Flynn via email is sufficient to confer jurisdiction. As a result, the Motion is granted,

and Flynn is directed to respond to the Complaint by October 15, 2018.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Allegheny International Services (ME), LLC's Motion for Substituted Service (Doc. # 18) is **GRANTED**.

(2) Defendant Brian Flynn's answer to the Complaint is due by **October 15, 2018**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of September, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE